*Spiegel v. Estée Lauder Inc.*,

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of May two thousand twenty-five.

Present:
> DEBRA ANN LIVINGSTON,
> *Chief Judge*,
> RAYMOND J. LOHIER, JR.,
> EUNICE C. LEE,
> *Circuit Judges*.

_____

THERESA SPIEGEL,

> *Plaintiff-Appellant*,

> v.                                             24-2089

ESTÉE LAUDER INC., ESTÉE LAUDER COMPANIES, INC., ELC BEAUTY LLC, ESTÉE LAUDER INTERNATIONAL INC., LUSINE JACOBS, ANGELINA MILLER, JENNE EUGENE, NOÉ ARTEAGA,

> *Defendants-Appellees*.

_____

For Plaintiffs-Appellants:          HUGO ORTEGA, Tanner & Ortega, LLP, New York, NY.

For Defendants-Appellees:          TANIA MISTRETTA (Cooper Binsky, *on the brief*), Jackson Lewis P.C., New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of

New York (Cote, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED** in part and **REVERSED** in part.

Plaintiff-Appellant Theresa Spiegel appeals a final judgment of the United States District Court for the Southern District of New York (Cote, *J.*), dismissing her complaint for failure to state a claim upon which relief can be granted. Spiegel had sued Estée Lauder Inc., Estée Lauder Companies, Inc., ELC Beauty LLC, Estée Lauder International Inc., as well as Lusine Jacobs, Angelina Miller, Jenne Eugene, and Noé Arteaga (collectively "Defendants"), for conduct related to her termination of employment. Specifically, Spiegel sued Defendants for discriminating against her based on her race, gender, and age. *See* N.Y.C. Admin. Code § 8-107; N.Y. Exec. Law § 296(a); 42 U.S.C. § 1981. She also claimed negligent infliction of emotional distress and negligent hiring, retention, and supervision under New York law. Finally, she alleged that her employers failed to pay her overtime compensation, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a), and New York Labor Law ("NYLL"), 12 N.Y.C.R.R. § 142-2.2, as well as retaliated against her, in violation of 42 U.S.C. § 1981. We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal, referencing only what is necessary to explain our decision to **REVERSE** the dismissal of Spiegel's FLSA and NYLL claims and **AFFIRM** the dismissal of Spiegel's other claims.

We review *de novo* a motion to dismiss for failure to state a claim upon which relief can be granted. *Sharikov v. Philips Med. Sys. MR, Inc.*, 103 F.4th 159, 166 (2d Cir. 2024); Fed. R. Civ. P. 12(b)(6). To survive such a motion, the complaint must contain enough facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of

2

misconduct," the complaint must be dismissed. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). In our review, we accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Sharikov*, 103 F.4th at 166. This tenet is inapplicable to legal conclusions. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim. *Iqbal*, 556 U.S. at 678.

Spiegel has plausibly stated a claim for relief under the FLSA and NYLL. The FLSA prohibits an employer from "employ[ing] any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1). NYLL similarly requires the employer to "pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate in the manner and methods provided in . . . the Fair Labor Standards Act." 12 N.Y.C.R.R. § 142-2.2. To state a claim under either provision, a plaintiff must "sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours." *Lundy v. Cath. Health Sys. of Long Island Inc.*, 711 F.3d 106, 114 (2d Cir. 2013).

Spiegel's complaint plausibly alleges a violation of the FLSA and NYLL. It states that during her three-and-a-half years at ELC Beauty, she worked "forty (40) hours per week" and did not receive overtime compensation despite the fact that she also "would regularly arrive well before her start time to perform various work tasks before the store opened to the public." TS-420. Spiegel estimates she worked over 1,000 hours overtime without compensation. Although these allegations are sparse, they provide more detail than complaints we have dismissed in the past, which failed to allege either that the plaintiff worked a forty-hour week or that the plaintiff was not compensated for working overtime in a forty-hour week. *See Dejesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 88–89 (2d Cir. 2013) (compiling cases). As we have emphasized, the pleading

3

standard is satisfied "if plaintiffs allege that their regularly scheduled workweek for a given period of time included more than forty hours of work." *See Herrera v. Comme des Garcons, Ltd.*, 84 F.4th 110, 116 (2d Cir. 2023). Spiegel's complaint does precisely that.

Contrary to what the district court held, Spiegel did not need to provide "detail indicating how often [she] worked more than forty hours in a week," "how many additional hours" she worked in a week, or "which work tasks she performed outside of her scheduled hours." SPA-20. Such details, though helpful, are unnecessary in the context of this complaint. Spiegel's complaint clearly alleges that she worked in excess of forty hours per week on a regular basis between 2019 and 2022, arriving early at the store to perform tasks off-the-clock and prior to the store's opening. Requiring any further specificity "would generate voluminous, tedious complaints and compel plaintiffs to record their work schedules with a level of precision and care at odds with our admonition that plaintiffs in FLSA cases are not obligated to 'keep careful records and plead their hours with mathematical precision.'" *Herrera*, 84 F.4th at 116 (quoting *Dejesus*, 726 F.3d at 90). We decline to impose such a requirement here.

We have considered Spiegel's other arguments and find them to be without merit for substantially the same reasons stated by the district court in its opinion dated July 11, 2024. Accordingly, we **AFFIRM** the judgment of the district court in part as to Spiegel's other claims and **REVERSE** in part as to the FLSA and NYLL claims.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4